IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WENDI LYNN KEITH                                                             PLAINTIFF

     v.                              CIVIL NO.:11-2019

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**    **Procedural Background:**

Plaintiff, Wendi Keith, appealed the Commissioner's denial of benefits to this court. On November 16, 2011, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 13.

Plaintiff now moves for an award of $5,151.30 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), for 2.95 attorney hours performed in 2010 at a rate of $174.00 per hour; 18.35 attorney hours in 2011 and 2012 at a rate of $180.00; and, 17.80 paralegal hours at an hourly rate of $75.00. ECF No. 15-1. The Defendant has filed a response to Plaintiff's motion, objecting to the hourly rates requested, as well as the number of attorney and paralegal hours requested. ECF No. 16. A hearing was held regarding this matter on April 17, 2012.

**II.**    **Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After

reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

2

the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of

3

qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

### III. Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 16-17. Defendant does not contest Plaintiff's claim that he is the prevailing party and does not oppose his application for fees under the EAJA. ECF Nos. 18, 19. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

#### A. Hourly Rate for Services Performed:

Plaintiff requests a total award of $5,151.30 under the EAJA. Specifically, he requests these fees be paid at an hourly rate of $174.00 for work performed in 2010, and $180.00 for work performed in 2011 and 2012. While an increased hourly rate is authorized as long as a CPI is submitted, and Plaintiff has submitted the requisite CPI, this Court will not approve the hourly rates requested. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. Instead, utilizing the CPI South, this Court approves the following rates: (1) for work performed in 2010, $173.00 per hour; (2) for work performed in 2011, $174.00 per hour; and, (3) for work performed in 2012, $180.00 per hour.

4

Plaintiff's counsel has also requested compensation for paralegal hours at the rate of $75.00 per hour. The undersigned finds $75.00 to be a reasonable rate for the services of a trained paralegal. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008). Accordingly, we find that the EAJA authorizes the reimbursement of paralegal services at the rate of $75.00 per hour.

B.   **Duplicative Tasks:**

The Defendant has objected to a number of the attorney and paralegal hours requested, complaining that many of the hours overlap and are duplicative. The undersigned acknowledges that many of the hours are duplicative, but finds the duplication to be justified in the present case. Plaintiff's counsel is visually impaired and requires the services of a paralegal to read and summarize the transcript and medical evidence, assist him with legal research, and assist him with the preparation of the appeal brief.[1] *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). Therefore, the Defendant's objections to paralegal and attorney hours for tasks involving reviewing the administrative transcript and case file; performing legal research; and, drafting, editing, and reviewing the appeal brief should be overruled.

C.   **Clerical Tasks:**

The defendant also argues that a small amount of the time requested does not require the expertise of a paralegal. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by

---

[1] We note that social security transcripts contain a great deal of medical evidence that include various abbreviations and notations with which the average lay person would be unfamiliar. Thus, a reasonable amount of paralegal and attorney time will generally be rewarded for reading the administrative record, researching the relevant case law, and preparing the appeal brief.

5

support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and hearing argument in open court, the undersigned finds that the tasks of reviewing and editing the finalized brief and argument with the attorney and filing the brief with the court contains tasks that involve a mixture of clerical and legal duties. Clearly, the paralegal's expertise and skill was necessary in reviewing and editing the finalized brief and argument. However, we find that the filing of the brief is a purely clerical task, for which EAJA compensation in unavailable. Accordingly, the undersigned recommends deducting .25 paralegal hours from the total compensable time.

Plaintiff had also requested .10 paralegal hours on January 13, 2011, for a telephone call with the Plaintiff regarding his missed appointment. At the hearing, counsel indicated that the inclusion of this time was in error. He then moved to withdraw his request for this time, and said request was granted. Therefore, an additional .10 paralegal hours should be deducted.

The undersigned is also of the opinion that the Defendant's objection to .20 attorney hours on December 27, 2010, for a telephone conversation with the Plaintiff regarding the appeal and to make an appointment for his interview to complete the IFP application should be overruled. These actions clearly fall within the realm of legal work and do not appear to be excessive

Further, we find that preparing counsel's itemization of time, drafting of the motion for EAJA, and computing the CPI are tasks that involve a mixture of both clerical and legal work. *Id*. Clearly, the act of entering tasks and time increments into a database requires no particular legal skill. On the other hand, preparation of an accurate itemization of time requires the collaboration

of both the paralegal and the attorney. Therefore, we are of the opinion that counsel is entitled to some compensation for the hours his paralegal spent assisting him in preparing these documents. We do not, however, find that he is entitled to anymore than 2.00 paralegal hours.[2] Therefore, the undersigned recommends reducing counsel's paralegal hours from 5.00 hours to 2.00 hours for the completion of the EAJA motion and its supporting documents.

Accordingly, the undersigned recommends reducing Plaintiff's total award by 3.35 paralegal hours.

### D.   Payment of EAJA fees:

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. And, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

### E.   Award Recommendation:

Based on the above, we recommend awarding Plaintiff attorney fees under the EAJA for: 2.95 attorney hours in 2010 at an hourly rate of $173.00, 15.85 attorney hours in 2011 at an hourly rate of $174.00, 2.50 attorney hours in 2012 at a rate of $180.00, and 14.45 paralegal hours at an hourly rate of $75.00, for a total award of $4,802.00 in attorney's fees. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

---

[2] Paralegal hours for the preparation of the EAJA motion and supporting documents should not exceed 2.00 hours unless extraordinary effort was required to prepare them, and documentation of that effort can be presented to the court.

The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

## IV.     Conclusion:

Based upon the foregoing, the Court recommends awarding Plaintiff **$4,802.00** pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

Dated this 18th day of April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE